E-FILED
Wednesday, 21 December, 2016  02:02:39 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| RICHARD LEADINGHAM, individually and on behalf of all similarly situated individuals, <br><br> Plaintiff, <br><br> v. <br><br> NU-WAY TRANSPORTATION SERVICES, INC. <br><br> Defendant. | CLASS ACTION AND COLLECTIVE ACTION COMPLAINT <br><br> DEMAND FOR JURY TRIAL <br><br> Case No. |

## CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY TRIAL DEMAND

Plaintiff, RICHARD LEADINGHAM ("Plaintiff"), by and through the undersigned attorneys, brings this Complaint against Defendant, NU-WAY TRANSPORTATION SERVICES, INC. ("Defendant" or "Nu-Way Transportation"), individually and on behalf of all similarly situated individuals and states as follows:

### INTRODUCTION

1.      This is a class and collective action brought by Plaintiff on his own behalf and on behalf of all similarly situated current and/or former Spotter Driver employees of Defendant to recover for Defendant's willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 Ill. Comp. Stat. § 105 *et. seq.*, the Illinois Wage Payment and Collection Act (IWPCA), 820 Ill. Comp. Stat. § 115, *et. seq.*, and other appropriate rules, regulations, statutes, and ordinances.

2.      Defendant employed Plaintiff to work full-time, scheduling him for at least forty (40) hours per week.  However, Defendant failed to pay Plaintiff at a rate not less than one and one-half times Plaintiff's regular rate of pay for hours he worked in excess of forty (40) in any

given workweek.

3.      The individuals Plaintiff seeks to represent in this action are current and former similarly situated Spotter Driver employees of Defendant who were not properly compensated with overtime pay as required under the FLSA, the IMWL, and the IWPCA.

4.      Plaintiff brings this action on behalf of himself, and all other similarly situated hourly Spotter Driver employees of Defendant, to recover unpaid wages and overtime, liquidated damages, penalties, fees and costs, pre- and post-judgment interest, and any other remedies to which they may be entitled.

## JURISDICTION AND VENUE

5.      This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. §§ 201, *et seq.*

6.      This Court also has subject-matter jurisdiction over Plaintiff's Collective Action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

7.      Upon information and belief, Defendant's annual sales exceed $500,000 and it has more than two employees, so the FLSA applies in this case on an enterprise basis.

8.      This Court has supplemental jurisdiction over the Illinois state law wage and hour class pursuant to 28 U.S.C. § 1367 because all Illinois state law wage and hour claims are so related to the federal claims that "they form part of the same case or controversy" such that they should be adjudicated in one judicial proceeding.

9.      This Court has personal jurisdiction over Defendant because it does business within

the State of Illinois and its corporate office is located in Bloomington, Illinois.[1]

10.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint substantially occurred in this District.

## PARTIES

11.    Plaintiff, RICHARD LEADINGHAM, is an individual who resides in the County of DuPage, City of Willowbrook, Illinois. Plaintiff was employed by Defendant as an hourly employee from approximately July 2013 through August 31, 2016 as a Spotter Driver. Plaintiff's most recent hourly rate was $18.50, and his rate when he started working for Defendant was $17.50. Plaintiff regularly worked in excess of forty (40) hours per workweek. Plaintiff brings this action on behalf of himself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b), and his Consent to Sue is attached hereto as Exhibit A.

12.    Defendant Nu-Way Transportation Services, Inc. offers transportation services that include, but is not limited to, "Dedicated Contract", "Local Shuttle/Spotting", and "Distribution & Warehousing".[2] Defendant's "personnel and well-maintained equipment provide the backbone" to operate "local shuttle and spotting services at several manufacturing and distribution locations across the country."[3]

13.    Defendant is registered to do business within the State of Illinois and is registered with the Illinois Secretary of State as a Domestic Corporation. Defendant can be served through its Registered Agent, Brian Walder, located at 2 Access Way, Bloomington, Illinois, 61705.

---

[1]    http://www.nuway.com/about-us/locations/ (last visited October 27, 2016).
[2]    http://www.nuway.com/about-us/ (last visited October 27, 2016).
[3]    http://www.nuway.com/nu-way-solutions/local-shuttlespotting/ (last visited October 27, 2016).

## GENERAL ALLEGATIONS

14.    The fundamental protections afforded by the FLSA and the Illinois laws covering wages and hours include payment of premium overtime wages for all hours worked above forty (40) hours per week.

15.    Plaintiff and the other similarly situated individuals were, or are, employed by Defendant as hourly Spotter Drivers or other job titles performing similar job duties.

16.    Plaintiff's primary job duties as a Spotter Driver are non-exempt duties, including, but not limited to, driving trailers out of the warehouse and placing them in the warehouse backyards, and driving trailers out of the warehouse backyards and placing them in the warehouse.

17.    Plaintiff regularly worked over forty (40) hours per workweek while employed by Defendant. *See e.g.*, Plaintiff's paystubs for the pay period ending 01/24/2016, pay period ending 03/20/2016, and pay period ending 05/01/2016, attached hereto as Exhibit B.

18.    Defendant knew or should have known that, under the FLSA, Plaintiff should have been paid for all hours in excess of forty (40) hours per workweek "at a rate not less than one and one-half times the regular rate" at which he was employed. 28 U.S.C. § 207(a)(1).

19.    Defendant knew or should have known that, under the IMWL, Plaintiff should have been paid for all hours in excess of forty (40) hours per workweek "at a rate not less than 1 ½ times the regular rate" at which he was employed. 820 Ill. Comp. Stat. § 105/4a(1).

20.    Despite this, Defendant failed to pay Plaintiff and other similarly situated current and/or former Spotter Drivers overtime at one and one-half times their regular rates.

21.    In reckless disregard of the FLSA, the IMWL, and the IWPCA protections afforded to Plaintiff and similarly situated individuals, Defendant adopted and then adhered to its policy and plan that denied payment of overtime premiums at one-and-one half times the regular rate for

hours worked in excess of forty (40) in a workweek.

## COLLECTIVE ACTION ALLEGATIONS

22.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA individually and on behalf of:

> All current and former Spotter Drivers or other job titles performing similar job duties employed by Nu-Way Transportation Services, Inc. at the Bloomington, Illinois location, at any time during the last three years, who were not paid overtime at the premium overtime rate for hours worked in excess of forty (40) in any given workweek.

Plaintiff reserves the right to amend the putative class definition as necessary.

23.     Plaintiff does not bring this action on behalf of any employees exempt from coverage under the FLSA pursuant to the executive, administrative, or professional exemptions, or for those employees who were paid at the proper legal rate for each hour worked in excess of forty (40) hours in any given workweek.

24.     *29 U.S.C. § 216(b) Conditional Certification "Similarly Situated" Standard*: With respect to the claims set forth in the FLSA action, conditional certification under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b).  The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan (namely, Defendant's policy of not paying their Spotter Drivers overtime at a rate of one-and-one-half times their regular rate); (c) their claims are based upon the same factual and legal theories; and (d) the employment relationship between Defendant and every putative Class member is exactly the same and differs only by name, location, and rate of pay.

25.     Upon information and belief, there are numerous other similarly situated current and former Spotter Drivers or other job titles performing similar job duties who performed hours

in excess of forty (40) hours per workweek who were not paid for those overtime hours at the premium overtime rate in violation of FLSA and would benefit from the issuance of a court-supervised notice of this action and the opportunity to join it. The precise number of collective Class members should be readily available from a review of Defendant's personnel, scheduling, time and payroll records, and from input received from the collective class members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b).

26.     Plaintiff shares the same interests as the putative conditional class and will be entitled to unpaid overtime compensation, interest, attorneys' fees and costs owed under the FLSA.

## CLASS ACTION ALLEGATIONS

27.     Plaintiff brings the action pursuant to Federal Rule of Civil Procedure 23(b)(3) and (c)(4) on behalf of a putative Class defined to include:

> All current and former Spotter Drivers or other job titles performing
> similar job duties employed by Nu-Way Transportation Services,
> Inc. at the Bloomington, Illinois location, at any time during the last
> three years, who were not paid overtime at the premium overtime
> rate for hours worked in excess of forty (40) in any given workweek.

Plaintiff reserves the right to amend the putative class definition as necessary.

28.     *Numerosity:* The members of the Illinois Class are so numerous that joinder of all members in the case would be impracticable, and the disposition of their claims as a Class will benefit the parties and the Court. The precise number of Class members should be readily available from a review of Defendant's personnel and payroll records.

29.     *Commonality/Predominance:* There is a well-defined community of interest among Illinois Class members and common questions of *both* law and fact predominate in the action over any questions affecting individual members. These common legal and factual questions include, but are not limited to, the following:

a.  Whether the hours worked in excess of forty (40) in any given workweek by

the Illinois Class is compensable at a rate no less than 1 1/2 times their regular rate of pay under the Illinois Minimum Wage Act;

b.  Whether Defendant violated the Illinois Minimum Wage Act through its pay practices;

c.  Whether Defendant violated the Illinois Wage Payment and Collection Act by failing to pay the Illinois Class all wages earned not later than 7 days after the end of the weekly pay period in which such wages were earned;

d.  Whether Defendants should be required to pay compensatory damages, attorneys' fees, costs, and interest for violating the Illinois Acts; and

e.  Whether Defendants' violations of the Illinois Acts were willful.

30.   *Typicality:*  Plaintiff's claims are typical of those of the Illinois Class in that Plaintiff and all other members suffered damages as a direct and proximate result of Defendant's common and systemic payroll policies and practices.  Plaintiff's claims arise from the same Defendant's policies, practices, and course of conduct as all other Illinois Class members' claims and Plaintiff's legal theories are based on the same legal theories as all other Illinois Class members: whether all Class members were employed by Defendant on an hourly basis without receiving compensation at the overtime premium rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) in any given workweek and whether wages are owed for that work.

31.   *Adequacy:*  Plaintiff will fully and adequately protect the interests of the Illinois Class and Plaintiff retained national counsel who are qualified and experienced in the prosecution of nationwide wage-and-hour class actions.  Neither Plaintiff nor his counsel has interests that are contrary to, or conflicting with, the interests of the Illinois Class.

32.   *Superiority:*  A class action is superior to other available methods for the fair and efficient adjudication of the controversy, because, *inter alia*, it is economically infeasible Illinois

Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employers.

33.     The case will be manageable as a class action.  Plaintiff and his counsel know of no unusual difficulties in the case and Defendant has payroll systems that will allow the class, wage, and damages issues in the case to be resolved with relative ease.  Because the elements of Rule 23(b)(3), or in the alternative (c)(4), are satisfied in the case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue her claim as a class action").

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §§ 201, *et seq.*, FAILURE TO PAY OVERTIME WAGES

34.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

35.     At all times relevant to this action, Defendant was an "employer" under the FLSA, 29 U.S.C. § 203(d), subject to the provisions of 29 U.S.C. §§ 201, *et seq.*

36.     Defendant is engaged in interstate commerce or in the production of goods for commerce, as defined by the FLSA.

37.     At all times relevant to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

38.     Plaintiff either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods for commerce.

39.     The position of Spotter Driver is not exempt from the FLSA.

40.     Defendant's other job titles performing similar job duties are not exempt from the

FLSA.

41.     At all times relevant to this action, Defendant "suffered or permitted" Plaintiff to work and thus "employed" him within the meaning of the FLSA, 29 U.S.C. § 203(g).

42.     The FLSA requires an employer to pay employees the federally mandated overtime premium rate of one and a half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek. 29 U.S.C. § 207.

43.     Defendant violated the FLSA by failing to pay Plaintiff the federally mandated overtime premium for all hours worked in excess of forty (40) hours per workweek.  Plaintiff regularly worked over forty (40) hours per workweek while employed by Defendant. *See e.g.,* Plaintiff's paystubs for the pay period ending 01/24/2016, pay period ending 03/20/2016, and pay period ending 05/01/2016, attached hereto as Exhibit B (showing Plaintiff working over forty (40) hours during those weekly pay periods, but not getting paid for those hours at the premium overtime rate, but instead being paid at his straight hourly rate).

44.     Upon information and belief, Defendant has corporate policies and practices of evading overtime pay for its hourly Spotter Driver workers.

45.     Defendant's violations of the FLSA were knowing and willful.

46.     By failing to compensate its hourly workers at a rate not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendant has violated the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).  All similarly situated employees are victims of a uniform and company-wide policy which operates to compensate employees at a rate less than the federally mandated overtime wage rate. This uniform policy, in violation of the FLSA, has been, and continues to be, applied to all employees who have worked or are working for Defendant in the same or similar position as

Plaintiff.

47.    The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorneys' fees.

**COUNT II**
**(Class Action)**
**VIOLATION OF THE IMWL**

48.    Plaintiff re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

49.    At all times relevant to the action, Defendant was an "employer" under the IMWL, 820 Ill. Comp. Stat. § 105/3(c), subject to the overtime mandates of the IMWL, 820 Ill. Comp. Stat. § 105/4a(1).

50.    Plaintiff and the Illinois Class are "employees" under the IMWL, 820 Ill. Comp. Stat. § 105/3(d), entitled to the protections of the IMWL, 820 Ill. Comp. Stat. § 105/4a(1), and the IWPCA, 820 Ill. Comp. Stat. § 115/4.

51.    The Illinois Acts entitle employees to certain hourly overtime wages to be paid within a certain amount of time. *See* the Illinois Minimum Wage Law ("IMWL"), 820 Ill. Comp. Stat. § 105 *et. seq.* and the Illinois Wage Payment and Collection Act (IWPCA), 820 Ill. Comp. Stat. § 115, *et. seq.*

52.    The IMWL requires all hours in excess of forty (40) hours per workweek be paid "at a rate not less than 1 ½ times the regular rate" at which the employee was employed.  820 Ill. Comp. Stat. § 105/4a(1).

53.    The IMWL entitles employees to bring a civil action to recover "the amount of any underpayments together with costs and such reasonable attorney's fees as may be allowed by the

Court, and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid." 820 Ill. Comp. Stat. § 105/12(a).

## COUNT III
## (Class Action)
## VIOLATION OF THE IWPCA

54.    Plaintiff re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

55.    The IWPCA requires "[a]ll wages earned by any employee during a weekly pay period shall be paid not later than seven (7) days after the end of the weekly pay period in which the wages were earned. 820 Ill. Comp. Stat. § 115/4.

56.    The IWPCA entitles employees to "file suit in circuit court of Illinois, in the county where the alleged violation occurred or where any employee who is party to the action resides, without regard to exhaustion of any alternative administrative remedies" to recover "the amount of any such underpayments and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid . . . costs and all reasonable attorney's fees." 820 Ill. Comp. Stat. § 115/11 and 115/14(a).

57.    Defendant violated the IMWL and the IWPCA by regularly and repeatedly failing to compensate employees to overtime compensation at a rate not less than one and on-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek.

58.    As a result of Defendant's violations of the Illinois Acts, Plaintiff and the Illinois Class have and will continue to suffer loss of income and other damages. Accordingly, Plaintiff and the Illinois Class are entitled to recover unpaid wages owed, plus costs, attorneys' fees, and other appropriate relief under the Illinois Acts at an amount to be proven at trial.

WHEREFORE, Plaintiff requests the following relief:

a.      Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth above;

b.      Certifying the Illinois class in accordance with Fed. R. Civ. P. 23(b)(3) or (c)(4) with respect to the claims set forth above;

c.      Designating Named Plaintiff as the Class Representative;

d.      Appointing Johnson Becker, PLLC as Interim Co-Lead Class Counsel with respect to Plaintiff's Rule 23 claims and FLSA claims;

e.      Declaring that Defendant willfully violated the Fair Labor Standards Act and its attendant regulations as set forth above;

f.      Declaring that Defendant violated its obligations under the FLSA;

g.      Declaring that Defendants willfully violated the Illinois Acts;

h.      Granting judgment in favor of Plaintiff and against Defendant and awarding the amount of unpaid overtime wages calculated at the rate of one and one-half (1.5) times Plaintiff's regular rate multiplied by all hours that Plaintiff worked in excess of the prescribed number of hours per week for the past three years for the FLSA Class and three years for the State Class;

i.      Awarding liquidated damages to Plaintiff, in an amount equal to the amount of unpaid overtime wages found owing to Plaintiff and awarding Plaintiff and the class members all other available compensatory damages, including, *inter alia*, all unpaid wages, lost interest owed, and liquidated damages by Defendant under the Illinois Acts;

j.      Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action;

k.      Awarding pre- and post-judgment interest to Plaintiff on these damages; and

l.      Such further relief as this court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury of all claims asserted in this Complaint.

Dated:  December 21, 2016

Respectfully submitted,

/s/ Peter J. Flowers_____
Peter J. Flowers
Illinois State Bar No. 06210847

**MEYERS & FLOWERS, LLC**
3 North Second Street, Suite 300
St. Charles, Illinois 60174
Telephone:  (630) 232-6333
Facsimile:  (630) 845-8982

*Local Counsel for Plaintiff*

Jacob R. Rusch
MN Bar No. 391892 *(Motion for Admission to Practice to be Filed)*
David H. Grounds
MN Bar No. 285742 *(Motion for Admission to Practice to be Filed)*
Molly E. Nephew
MN Bar No. 397607 *(Motion for Admission to Practice to be Filed)*
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
Saint Paul, Minnesota 55101
Telephone: (612) 436-1800
Fax: (612) 436-1801
jrusch@johnsonbecker.com
dgrounds@johnsonbecker.com
mnephew@johnsonbecker.com

*Trial Counsel for Plaintiff*